# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MARC ASHLEY BARNES,** | ) |
| Petitioner, | ) Case No. 7:18CV00023 |
| v. | ) **OPINION** |
| **WARDEN OF LEE COUNTY,** | ) By: James P. Jones |
| | ) United States District Judge |
| Respondent. | ) |

*Marc Ashley Barnes, Pro Se Petitioner; Joseph W. H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Respondent.*

Petitioner Marc Ashley Barnes, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Barnes contends that he has not received prior state custody credit against his federal criminal sentence. Upon review of the petition and the record, I conclude that the respondent's Motion to Dismiss must be granted.

---

[1] At the time Barnes filed his § 2241 petition, he was incarcerated at the United States Penitentiary Lee ("USP Lee"), in this judicial district, and he has named the warden of that facility as the respondent in this habeas action. Thereafter, Barnes was transferred from USP Lee, and he is now confined in a federal prison in Atwater, California. Because the USP Lee warden was Barnes' "immediate custodian" when Barnes filed his § 2241 petition, I may consider it. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). To the extent that I could transfer this action to the appropriate district court in California, I decline to do so. Because Barnes' claims lack merit, such a transfer would not be in the interest of justice. *See* 28 U.S.C. § 1406(a).

I.

The facts are undisputed. On July 26, 2009, Barnes was arrested by local law enforcement officials in Iredell County, North Carolina, and charged with breaking and entering, first degree kidnapping, assault with a deadly weapon inflicting serious injury, and possession of a firearm by a felon. He was remanded to the Iredell County Jail.

Several months later, Barnes was indicted in the United States District Court for the Western District of North Carolina for possession of ammunition and a firearm by a convicted felon — the firearm he had used during the state offences. On January 6, 2011, while Barnes was still awaiting trial on the state charges, federal authorities obtained him on a writ of habeas corpus ad prosequendum to face the federal charge. Barnes was convicted, and on April 2, 2012, was sentenced to 120 months in prison, the statutory maximum. The federal sentencing judgment did not indicate that the federal sentence should run concurrent with the sentence yet to be imposed by the state authorities in Iredell County. Federal authorities returned Barnes to state authorities on May 21, 2012.

Barnes thereafter pleaded guilty to one of the four state charges — assault with a deadly weapon inflicting serious injury. The state court sentenced Barnes on June 14, 2012, to a term of 37 to 54 months imprisonment. The state court provided that its sentence would run concurrently to the already-imposed federal

sentence. State authorities granted him 1055 days of credit against his state sentence for the time he had spent in custody from July 26, 2009, the date of his arrest, to June 14, 2012, the day that his state sentence was imposed. On June 4, 2013, Barnes was release on parole from his state sentence and began service of his 120-month federal sentence.

The Bureau of Prisons ("BOP") calculated Barnes' federal sentence as having commenced on June 4, 2013, when he was released from state imprisonment and taken into federal custody. Barnes protested this calculation through the BOP administrative process, seeking credit for the time served on his state sentence.

In August of 2016, the BOP notified Barnes that his request for prior custody credit would be considered as a request for a nunc pro tunc designation of the state prison for service of his federal sentence.[2] This letter advised Barnes that such "a designation effecting concurrent service of state and federal sentences is

---

[2] By statute the BOP is authorized to designate as the place of a prisoner's imprisonment a non-federal facility upon determining that facility to be "appropriate and suitable" after consideration of five factors: (1) facility resources; (2) "the nature and circumstances of the offense"; (3) the prisoner's criminal and prison disciplinary history and his "characteristics"; (4) any statement provided by the sentencing judge about what purposes warranted the sentence imposed; and (5) any pertinent Sentencing Commission statement. 18 U.S.C. § 3621(b). This authority has been interpreted to allow a retroactive or nunc pro tunc designation, following the inmate's completion of his state sentence, thus making the federal sentence run concurrently with the completed state sentence. *See Barden v. Keohane,* 921 F.2d 476, 481-483 (3d Cir. 1990); BOP Program Statement 5160.05, *Designation of State Institution for Service of Federal Sentence* (Jan. 16, 2003), https://www.bop.gov/policy/progstat/5160_005.pdf.

made only when it is consistent with the intent of the sentencing federal court or the goals of the criminal justice system." Mot. Dismiss Ex. 1, Attach. H, ECF No. 8-9.

The BOP sent a letter dated October 5, 2016, to the federal sentencing court, requesting its position on a retroactive designation in Barnes' case, to allow the sentences to run concurrently as the state judge intended. The federal court did not respond.

On January 10, 2017, after a review of factors listed in § 3621(b), the BOP denied Barnes' request for a nunc pro tunc designation. *Id*. at Attach. J, ECF No. 8-11. In so doing, the BOP noted the lack of response from the federal sentencing court, Barnes' prior state convictions, including armed robbery, three counts of common law robbery, and robbery with a dangerous weapon, and his prison disciplinary record, which included assault, fighting, multiple infractions for sexual acts, and possession of drugs. The current projected date on which Barnes will complete serving his federal sentence is June 10, 2022.

II.

When an inmate is subject to sentences imposed by both federal and state courts — different sovereigns — the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign have been satisfied. *United States v. Evans*, 159 F.3d 908, 912 (4th Cir.

1998). In other words, "the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration" and that "jurisdiction continues until the first sovereign relinquishes its priority by, for example, bail release, dismissal of the state charges, parole release, or expiration of the sentence." *United States v. Smith*, 812 F. Supp. 368, 370 n.2 (E.D.N.Y. 1993).

To calculate what, if any, periods of prison time served in state prison *must* be credited against Barnes' federal prison sentence, my first step is to determine when the state relinquished primary custody of him. It is well established that

> [a] federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.

*Evans*, 159 F.3d at 912. "[A] federal writ of habeas corpus *ad prosequendum* merely loans the prisoner to federal authorities" and does not "transform[ ] a state prisoner into a federal prisoner." *Id*.

When North Carolina authorities arrested Barnes on July 26, 2009, they gained priority jurisdiction over him. Under the writ of habeas corpus ad prosequendum, federal authorities merely borrowed Barnes for federal court proceedings. That writ, however, did not interfere with North Carolina's priority jurisdiction over him or place him in federal custody for purposes of calculating his federal sentence. Only after he completed his state sentence, and state authorities

relinquished primary custody by granting Barnes release on parole from his state sentence on June 4, 2013, did his official detention on the federal charges begin and his federal sentence commenced. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served.").

The gist of Barnes' petition is that the BOP was obligated to carry out the state court judge's intention for his state and federal sentences to run concurrent to each other. To accomplish this intention, Barnes asks the BOP to give him prior custody credit for the time served between his arrest, July 26, 2009, and his release on parole, June 4, 2013, or to designate the state's prisons for service of his federal sentence. Barnes is not entitled to such relief under federal law.

First, neither the federal court nor the BOP was obligated to make Barnes' federal sentence concurrent to his anticipated state sentence. A district court has the *discretion* to order that a criminal defendant's sentence run consecutively to, or concurrently with, a yet-to-be-imposed but anticipated state sentence. *Setser v. United States*, 566 U.S. 231, 236 (2012). The court that sentenced Barnes was silent on this issue. Moreover, the BOP is not bound by the state court's sentencing decision to make its sentence concurrent with the federal sentence. *Id.*

> State prison authorities could have effectuated the concurrent nature of [petitioner's] state sentence by relinquishing him to federal

authorities earlier for service of his federal sentence and designating the federal prison facility as the place where he would serve the remainder of his state sentence. However, the state judge's pronouncement of the concurrent sentence did not compel federal authorities to undertake such steps on [petitioner's] behalf.

*Sanders v. Fed. Bureau of Prisons*, No. 7:09CV00026, 2009 WL 1917093, at *5 (W.D. Va. June 30, 2009), *aff'd*, 333 F. App'x 791 (4th Cir. 2009) (unpublished).

Second, Barnes is not entitled to the prior custody credit he seeks. The relevant statute provides in pertinent part as follows:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In this section, "Congress made clear that a defendant [can]not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

As stated, Barnes' federal sentence commenced on June 4, 2013, when state authorities relinquished primary custody. It is undisputed that Barnes received credit against his state sentence for all of the time he served in prison before that

date — between his arrest on July 26, 2009, and his release on parole from his state sentence on June 4, 2013. Accordingly, he cannot receive prior custody credit against his federal sentence under § 3585(b) for any of that time served.

In the alternative, Barnes wants federal credit for all the prison time he served in state custody through a nunc pro tunc designation. However, the BOP, through delegation from the Attorney General, is responsible for administering a federal inmate's sentence — from deciding the place of a prisoner's imprisonment to computing the credit given for any periods of custody. *Id.* at 334; 18 U.S.C. § 3621(b). A federal prisoner's sentence may commence before his release to federal primary jurisdiction *only* if the BOP designates a state prison facility for service of that federal sentence. *Evans*, 159 F.3d at 911-12. When such a designation is made nunc pro tunc, it has "the effect of crediting against [the prisoner's] *previously imposed* federal sentence the time he spent in state prison on a *subsequently imposed* state sentence" *Mangum v. Hallembaek*, 824 F.3d 98, 99 (4th Cir. 2016).

Under § 3621(b) the BOP must fairly consider Barnes' request for nunc pro tunc designation. *Barden*, 921 F.2d at 483. Where the BOP has considered all the factors listed in this statute, however, whether to grant the requested designation rests within the BOP's discretion. *Id.*

The record reflects that the BOP has fairly considered Barnes for a nunc pro tunc designation. The federal sentencing court was advised of Barnes' request and granted an opportunity to make a statement in support of making the federal term concurrent to the state term through a nunc pro tunc designation. With no response from that court, and after considering the other statutory factors in § 3621(b), the BOP denied Barnes' request. Thus, the BOP has satisfied its obligation to Barnes, and he is not entitled to the relief from that decision.

Barnes asserts that I must apply the rule of lenity and order his state and federal sentences to be concurrently calculated. The rule of lenity is a "judicial doctrine holding that a court, in construing an ambiguous criminal statute that sets out multiple or inconsistent punishments, should resolve the ambiguity in favor of the more lenient punishment." *Rule of Lenity*, *Black's Law Dictionary* (10th ed. 2014). No such ambiguity arises in Barnes' case for sentence calculation purposes.

Barnes also claims that the federal sentencing court should have designated his federal sentence as concurrent with his future anticipated state sentence. However, until the Supreme Court's decision in *Setser*, it was not established that a federal district court had the power to direct that its sentence run concurrently with an anticipated, but unimposed, state sentence. *See United States v. Lynn*, No. 17-4232, 2019 WL 114016, at *3 (4th Cir. Jan. 7, 2019). Following *Setser*, the Sentencing Commission adopted by amendment 787, effective November 1, 2014,

a provision providing that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . ., the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3(c) (2018). This provision was not in effect at the time of Barnes' federal sentencing and has not been designated to be retroactive. USSG § 1B1.10(d) (2018).

This claim, moreover, is inconsistent with Barnes' declaration that he is *not* challenging the validity of his federal sentence itself. In addition, a claim that his federal sentence was unlawful as imposed must be raised in a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 in the sentencing court, rather than in a § 2241 petition.

For the stated reasons, I cannot find that Barnes has any statutory or constitutional right to the sentence credit or the nunc pro tunc designation that he seeks. Accordingly, I will grant the respondent's Motion to Dismiss, and dismiss Barnes' Motion to Expedite as moot.

A separate Final Order will be entered herewith.

                                              DATED: January 10, 2019

                                              /s/ *James P. Jones*
                                              United States District Judge